UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
1:22-cv-00101-MR-WCM

| CHARLES JORDAN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ORDER |
| TRUMP FOR VICTORY SUPER PAC, et al., | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Pro Se Complaint [Doc. 1] and on Plaintiff's motion to proceed in forma pauperis [Doc. 3]. See 28 U.S.C. § 1915(e).

On May 20, 2022, Pro Se Plaintiff Charles Jordan ("Plaintiff") filed this action against multiple Defendants, asserting unintelligible claims of "personal injury tort, defamation, interstate commerce[,] pirate party[,] minority party[,] discrimination, federal employee rights, wage theft, split ticket [retaliation,] right to work[,] 1st free speech, 10th personal powers, Interstate commerces[,] 19 USC § 241." [Doc. 1]. Plaintiff alleges that his claims arose in June 2020 at the Republican Party headquarters in Asheville North Carolina; the Firestorm Cafe & Bookstore; and a "City Hall meeting" in

Asheville. [Id. at 4]. Plaintiff is currently a pretrial detainee at Bastrop County Jail in Bastrop, Texas. [Id. at 4].

The Court first addresses Plaintiff's motion to proceed in forma pauperis (IFP). [Doc. 3]. Plaintiff reports that he has $500.00 in monthly income from retirement and that he has $10,000.00 in cash and in his bank account. [Id. at 1-2]. Plaintiff also reports that he does not know how much money he has in his savings account. [Id. at 2]. Plaintiff reports that he is homeless, has no other meaningful assets, and that his 24-year-old friend, who is "in Texas prison," relies on him for support. [Id. at 3]. Plaintiff reports that he has $1,213.00 in monthly expenses, which includes $1,000.00 to his friend in prison and $200 in food stamps. [Id. at 4]. Plaintiff states that he wants to pay the filing fee in this matter because he "[doesn't] want a Prison Litigation Reform Act strike," but that he has been denied access to his bank account from the Jail in Texas. [Id. at 5]. In his IFP motion, Plaintiff moves the Court for an order directing the Jail in Texas to allow Plaintiff to access his bank account through a "Power of Attorney for Jail commissary funds & federal court fees payment." [Id.].

The Court is without authority to order a Texas jail to allow Plaintiff access to his personal bank account while detained. If Plaintiff is truly without access to funds due to his detained status, then he may move to

proceed without prepayment of the fee with this Court. Plaintiff, however, has expressed a desire not to be charged a strike under the Prison Litigation Reform Act should his Complaint fail to state a claim for relief or be deemed frivolous. See 28 U.S.C. § 1915(g). The Court, therefore, will deny the instant application to proceed without prepayment of fees without prejudice so that Plaintiff may consider his options and/or pay the filing fee should he gain access to his bank account in the meantime. In so doing, the Court cautions Plaintiff that it appears on preliminary review that he has failed to state a claim for relief in his Complaint.

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion [Doc. 3] is **DENIED** without prejudice in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that Plaintiff shall, within twenty-one (21) days of this Order, either pay the $402.00 fee to file his Complaint or file an Amended Application, using AO Form 239. **Failure to pay the fee or to file an Amended Application within the time required and in accordance with the terms of this Order will result in the dismissal of this action without prejudice**.

**IT IS SO ORDERED**.

Signed: July 9, 2022

Martin Reidinger
Chief United States District Judge